**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 15-10053-02-EFM

ROBBY ALAN MURPHY,

    *Defendant.*

**MEMORANDUM AND ORDER**

Defendant Robby Murphy moves the Court to reconsider its order denying his motion to suppress (Doc. 250), and he requests leave to file out of time (Doc. 252) so that he can file his seventh motion to dismiss (Doc. 251). He also filed a supplement to his motion to reconsider (Doc. 254). For the reasons stated below, the Court denies his motions.

**A. Motion to Reconsider**

Murphy moves the Court to reconsider its September 24, 2015 order denying his motion to suppress. A motion to reconsider may be granted when the Court has misapprehended the facts, a party's position, or the law.[1] Specific grounds include (1) an intervening change in the law; (2) new evidence that was previously unavailable; and (3) the need to correct clear error or

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

manifest injustice.[2]  The purpose of a motion to reconsider is not to revisit issues that have already been addressed or advance arguments that could have been raised earlier.[3]

Murphy identifies no changes in the law.[4]  Instead, he repeats arguments that the Court has already ruled on. Whether state procedural rules were followed remains irrelevant to this federal case.  And still no evidence shows that Murphy's constitutional rights were violated or federal law was ignored.

Murphy also presents no new evidence. He recounts the same evidence that the Court considered when it denied his motion to suppress.  The only difference is that now, Murphy alleges a conspiracy between state and federal authorities to hold him illegally and obtain a confession.  He refers to a "working arrangement" between state and federal officials, which he alleges is apparent.  But such collusion was not apparent to the Court when it first ruled on Murphy's motion to suppress, and it is not apparent now.

Since Murphy does not demonstrate an intervening change in the law or new evidence, only the need to correct clear error or manifest injustice will support the reconsideration that he requests.  And Murphy falls short in that regard as well.  To be sure, Murphy alleges that he is victim of extensive injustices.  Murphy claims federal and state officers colluded against him, that the *McNabb-Mallory* presentment rule was violated, and that he was not subject to a fair and reliable probable cause determination as required by the Supreme Court.  But these arguments

---

[2] *Id.*

[3] *Id.*

[4] In his supplement, Murphy cites *Wilson v. Montano* to challenge the Court's citation of *Strepka v. Miller* in finding that a probable cause determination made outside of Murphy's presence was constitutionally sufficient. While *Wilson* does note that *Strepka* is persuasive, not binding authority, it does nothing to call into doubt the proposition that a probable cause determination may be made outside of the suspect's presence. *See Wilson*, 715 F.3d 847, 852-54 (10th Cir. 2013).  Nothing in Murphy's supplement changes the Court's analysis.

were all addressed, and rejected, by the Court in its earlier order. Murphy's motion to reconsider is simply an attempt to revive arguments that have already been considered and denied.

Because Murphy fails to show an intervening change in controlling law, new evidence, or the need to correct clear error, his motion to reconsider is denied.

### B. Motion to Dismiss

Murphy also requests leave to file out of time so that he can file yet another motion to dismiss the indictment against him. Murphy has already filed six motions to dismiss in this case.[5] Now, he seeks leave to file his seventh dismissal out of time. And like many of his previous motions, Murphy again cherry-picks excerpts from transcripts and presents them as statements that are obviously false. In his latest motion, Murphy gives short excerpts, with no context, that fail to convince the Court that he was subject to any constitutional violations. Even if the Court agreed that the statements were false, Murphy does not identify how the testimony was material or in what way he was prejudiced. None of Murphy's arguments cause the Court to question the validity of the grand jury proceedings. Specifically, none of Murphy's arguments rebut the fact that the grand jury found probable cause that Murphy was a felon who possessed a firearm. Accordingly, the Court denies Murphy leave to file his meritless motion out of time.

Because Murphy fails to demonstrate why the Court should reconsider its prior motion or why he should be granted to leave to file out of time, his motions are denied.

**IT IS THEREFORE ORDERED** that Murphy's Motion to Reconsider (Doc. 250) is hereby **DENIED.**

---

[5] Docs. 56, 88, 89, 170, 178, and 183.

**IT IS FURTHER ORDERED** that Murphy's Motion for Leave to File Out of Time (Doc. 252) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of May, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE